DeWitt C. Dunn, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

J. Lawrence Carr, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Bessie P. Dunn, Petitioner, *v.* Commissioner of Internal Revenue, Respondent

Kathleen M. Carr, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 18279–18282.   Promulgated March 22, 1929.

*John R. Moroney, Esq.,* and *J. Lawrence Carr,* for the petitioners. *L. A. Luce, Esq.,* for the respondent.

OPINION.

MILLIKEN: The respondent has determined the·deficiencies here in question by invoking section 218 (a) of the Revenue Acts of 1918, 1921, and 1924. He determined that the partnership was on a fiscal year basis and the partners should report as their income, and be taxed accordingly, their proportion of the income of the partnership for its fiscal year ending within the calendar year of the partners. The result was to place in the year 1919 income subject to tax which the partners had reported and paid a tax on for the year 1918. The same situation obtained and resulted in the deficiencies for all the years in controversy.

If the partnership had a fiscal year ending within the calendar year of the partners, the action of the respondent would be correct. See *J. H. Goadby Mills*, 3 B. T. A. 1245, and *J. E. Asbury*, 4 B. T. A. 1244.

The evidence of record however shows that the partnership was not on a fiscal year basis but kept its books of account and distributed its income on an accounting period ending on the 15th day of each month. The testimony is to the effect that the partnership never established an accounting period other than the 15th day of each month and we do not think the information returns filed under a mistaken view of the instructions of the Bureau of Internal Revenue should control. Also, pursuant to section 212 of the Revenue Acts of 1918, 1921, and 1924, if the partnership was not on a fiscal year basis the net income must be computed on the calendar year basis. We are of the opinion that the respondent erred in increasing the income of the petitioners by placing the partnership on a fiscal year basis and including in each of the petitioner's calendar year returns the income received, and upon which a tax was paid, in the prior years.

There is no dispute between the parties as to the correct income of each of the partners, provided section 218(a) does not require them to return the income of a partnership fiscal year ending in their calendar years.

*Judgment will be entered under Rule 50.*